**HERMAN ANDRAE ELECTRICAL CO., a Wisconsin corporation, Plaintiff,**

v.

**Frank FREIBERG et al., Defendants.**

**No. 71–C–325.**

United States District Court, E. D. Wisconsin.

Sept. 23, 1971.

------◆------

Orth, Riedl & Orth by Charles A. Orth, Jr., Milwaukee, Wis., for plaintiff.

Reginald M. Hislop, Jr., West Allis, for Frank and Lester Freiberg.

David J. Cannon, U. S. Atty., by Steven C. Underwood, Milwaukee, Wis., for Boris R. Nick.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Boris R. Nick, has moved for an order dismissing the complaint as to him. The complaint seeks the sum of $1225.16, representing additional services and materials furnished by the plaintiff in connection with the construction of a post office in Elm Grove, Wisconsin.

The complaint avers that Mr. Nick is the postmaster of the post office at Elm Grove and "has, during all the times hereinafter mentioned, functioned in that capacity."

After having the case removed to the federal court, the United States attorney, on behalf of Mr. Nick, has urged that the complaint against him be dismissed because the action is in fact one against the United States, and that no contractual relationship between the plaintiff and the United States is adequately alleged. The plaintiff, on the other hand, urges that Mr. Nick is being sued as an individual, and that the United States may be obligated on a quasi-contractual basis.

In my opinion, the complaint can be interpreted as a claim against Mr. Nick only in his representative capacity. Paragraph 3 of the complaint, as previously noted, asserts that Mr. Nick at all times was functioning as the postmaster of the Elm Grove post office. There are no allegations in the complaint which suggest that the plaintiff seeks damages against Mr. Nick in his individual capacity.

Although there is an allegation in paragraph 5 of the complaint that the additional services and materials were "directed by the defendants, or either of them", there is no adequate allegation of the responsibility of the United States, and, accordingly, the motion for dismissal against Mr. Nick must be granted. See Beacon Construction Co. of Mass. v. Prepakt Concrete Co., 375 F.2d 977 (1st Cir. 1967).

The action was removed from a state court, apparently pursuant to 28 U.S.C. § 1442, upon Mr. Nick's representation that his conduct referred to in the complaint was "performed by him as a federal employee while acting within the scope of his office as postmaster." The dismissal of Mr. Nick, however, leaves a controversy in which there is an absence of diversity of citizenship and in which the claims asserted do not form the basis for federal subject-matter jurisdiction.

Dismissal of Mr. Nick does not automatically oust this court of jurisdiction to hear the present case, for a federal court may retain jurisdiction over a properly removed action notwithstanding a subsequent change in parties. See 1A Moore's Federal Practice ¶ 0.157[12], at 382 (1965). On the other hand, the dismissal of the defendant whose presence permitted removal of this action results in a suit over which this court would not otherwise have had jurisdiction. Under the circumstances, it is my opinion that this case should be remanded to the state court in which it originated. See Martinez v. Seaton, 285 F.2d 587, 589 (10th Cir. 1961), cert. de-

nied 366 U.S. 946, 81 S.Ct. 1677, 6 L. Ed.2d 856; Pennsylvania Turnpike Comm'n v. McGinnes, 179 F.Supp. 578, 583 (E.D.Pa.1959); cf. Comstock v. Morgan, 165 F.Supp. 798, 802 (W.D.Mo. 1958); Carlander v. Dubuque Fire & Marine Ins. Co., 87 F.Supp. 65, 69 (W. D.Ark.1949).

Now, therefore, it is ordered that the motion of the defendant, Nick, for dismissal be and hereby is granted.

It is also ordered that the instant proceedings be and hereby are remanded to the county court of Milwaukee county for further proceedings.