### SIX FOUNTAINS APARTMENTS, INC., OF BOSSIER CITY

v.

### PLUS 5 CONSTRUCTION CORPORATION et al.

Civ. A. No. 75–0786.

United States District Court,
W. D. Louisiana,
Shreveport Division.

June 17, 1977.

Maynard E. Cush, Shreveport, La., for plaintiff.

E. Drew McKinnis, McKinnis & Juban, Baton Rouge, La., for Plus 5.

Frances O. Allen, Asst. U. S. Atty., W. D. La., Shreveport, La., for SBA.

E. Leland Richardson, Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, La., for Summit Ins. Co.

John M. Madison, Jr., Wiener, Weiss & Madison, Shreveport, La., for Jemarac, Inc.

Kenneth Rigby, Love, Rigby, Dehan & Love, Shreveport, La., for plaintiff in state court Louisiana.

## MEMORANDUM RULING

STAGG, District Judge.

On March 20, 1975, plaintiff filed this action in the 26th Judicial District Court, Bossier Parish, Louisiana, naming as defendants Plus 5 Construction Corporation [Plus 5], Summit Insurance Company of New York [Summit], and the Small Business Administration [SBA]. Plaintiff sought redress for damages suffered because of the non-performance of a contract entered into with Plus 5. On July 28, 1975, the SBA removed the action to this court, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446(d).

The action against SBA arises from the operation of the Small Business Administration Surety Bond Guarantee Program. Under this Program, the SBA is authorized to issue guarantees to surety companies on performance bonds required on contracts not exceeding $1,000,000. *See* Title IV, Part B, of the Small Business Investment Act of 1958, as amended, 15 U.S.C. 694a and 694b. Summit, before it issued a bond securing Plus 5's construction obligation, entered into a guarantee agreement with the SBA. According to this agreement:

"SBA . . . (agreed) to guarantee to Surety (Summit) 90% of any 'loss' Surety may sustain or incur in good faith by reason of its execution of the bid, payment or performance bond contemplated by this agreement." Government's Exhibit VI.

When Plus 5 allegedly defaulted on its contractual undertaking plaintiff naturally looked to the surety, Summit, for satisfaction of its claim. The SBA was joined as a party defendant because Summit was insolvent and its affairs were, and still are, under the supervision of the Superintendent of Insurance of the State of New York. *See* Government's Exhibit IX. The action against the SBA was an ostensible attempt to characterize plaintiff as a beneficiary of the agreement entered into between SBA and Summit.

SBA moves to dismiss the claim against it. The Administration attacks the effort of plaintiff to include it in this cause as a party defendant. The SBA argues that the agreement was only between Summit and itself. It asserts that neither the surety nor the SBA had any intention of interposing the plaintiff or anyone else as beneficiaries with a right to take advantage of the SBA guarantee. Moreover, the argument runs, the plaintiff was not an intended beneficiary of the agreement, for the *sole* objective of the guarantee was to protect Summit, not plaintiff, from loss.

Upon consideration of the Administration's motion for dismissal and/or summary judgment, and after careful examination of the record, the Court finds that the SBA should not remain as a party defendant. Accordingly, the Court will order the dismissal of the SBA from Civil Action No. 75–0786.

The SBA guarantee had as its sole purpose the inducement of Summit to act as a Surety when it would not otherwise do so. The surety agreement executed by the SBA

ran only to Summit. It did not establish any privity between the plaintiff, Six Fountains Apartments, Inc., and the SBA. The execution of the guarantee agreement between Summit and the SBA simply established no third-party beneficiary rights in the plaintiff.

■ Moreover, plaintiff has failed to demonstrate a waiver of sovereign immunity permitting suit against the SBA. Though Congress has allowed a surety a right of action against the SBA on claims arising out of the guarantee agreement, it does not follow that Congress intended to extend this privilege to a third party attempting to assert claims against the SBA whenever the surety defaulted on the secondary obligation. Simply because the guarantee induced the surety to undertake the obligation is of no moment, for nothing in the guarantee subjects the SBA to a suit by the obligee of the primary obligation. To allow such a suit would do violence to the principle that waivers of immunity must be construed strictly.

The decision reached today is in agreement with two recent district court decisions cited within the Administration's brief, *Montgomery Riverboat Commission, Inc. v. Balboa Insurance Company, et al*, No. 76–297–N (M.D.Ala.March 29, 1977); *The United States of America for the Use and Benefit of Engelauf Bros Rental Equipment, Inc. v. KBJ Engineering, Inc., et al*, No. 75–1544–WBM (C.D.Cal.June 2, 1976). Both cases found that federal law prohibited suit by a third party on a guarantee agreement executed between a surety and the SBA. The Court has been presented with no valid reason that would justify a departure from the sound rationale found within these cases.