This is a contract case, before us on defendant’s motion for summary judgment, after transfer of the case from the United States District Court for the District of Nevada. We hold that there is no genuine issue as to any material fact and that defendant is entitled to a judgment as a matter of law.
Plaintiff, a Nevada partnership, claims that it entered into a contract in 1978 with American Fidelity Fire Insurance Company (American Fidelity), a performance surety, to complete a Government contract on which American Fidelity’s former principal, Mason Construction Company (Mason), had defaulted. Plaintiff claims that the surety, American Fidelity, was an agent of defendant. Plaintiff bases this allegation generally on the Small Business Administration’s (SBA) 90 percent guarantee, under 15 U.S.C. §694b(b) (1976), of American Fidelity’s performance bond to Mason. Plaintiff further claims that since American Fidelity has failed to pay plaintiff for its services, defendant is liable, as a principal, for the debt, $18,884.07 plus interest.
Defendant replies with exhibits which show, and plaintiff does not challenge, that in December 1978, plaintiff requested the cancellation of the indemnification agreement between American Fidelity and Mason; and that plaintiff failed to allege that defendant directly consented to plaintiffs undertaking the completion of the contract.
In motion for summary judgment, any doubt as to issues of material fact must be resolved against the moving party, *546 here the defendant. Housing Corp. of America v. United States, 199 Ct. Cl. 705, 468 F.2d 922 (1972). However, assuming, without deciding, as true, all material facts are as plaintiff alleges, plaintiff fails to state a claim upon which relief can be granted.
Where the United States does not make itself a party to a contract, no express or implied contract exists between the United States and those who ultimately perform the work. Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl. 146, 655 F.2d 1047 (1981).
Having failed to allege, and no facts stated so imply, that American Fidelity has actual authority to act as defendant’s agent, plaintiff is not entitled to recover on a showing that it relied on American Fidelity’s apparent authority. Jascourt v. United States, 207 Ct. Cl. 955, cert. denied, 423 U.S. 1032 (1975). Furthermore, the facts alleged by plaintiff, if established, would not confer on American Fidelity the necessary authority to enter the United States into a contract with the plaintiff. Housing Corp. of America, supra.
Finally, 15 U.S.C. § 694b(b) only allows a surety a right of action against the SBA. Congress did not intend to extend this privilege to third-parties’ claims against SBA upon default of the surety. Congresssional waivers of sovereign immunity are strictly construed and 15 U.S.C. § 694b(b) is not such a waiver. Six Fountains Apartments, Inc. v. Plus 5 Construction Corp., 433 F. Supp. 1284 (W.D. La. 1977).
it is therefore ordered that defendant’s motion for summary judgment is granted; plaintiffs petition is dismissed.