PROFESSIONAL CONSTRUCTION CONSULTANTS, INC., an Oklahoma Corporation; Bill Brokaw and Paul Ketch, individuals, Plaintiffs,

v.

Gerald GRIMES, Insurance Commissioner for the State of Oklahoma, Ancillary Receiver for Summit Insurance Company of New York; Thomas S. Kleppe, Administrator of United States Small Business Administration; and John P. Gemma, Superintendent of Insurance for the State of New York, as Liquidator of Summit Insurance Company of New York, Defendants.

No. CIV–76–0534–D.

United States District Court, W.D. Oklahoma.

Sept. 28, 1982.

Doran C. Phillips, Robert F. Bourk, Gary W. Gardenhire, Oklahoma City, Okl., for plaintiffs.

Leonard H. Minches, New York City, Delmer L. Stagner, Stephen P. Friot, John E. Green, Asst. U.S. Atty., William G. Fisher, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

In this case, the Plaintiffs, Oklahoma citizens, have alleged claims against the Domiciliary (New York) and Ancillary (Oklahoma) Liquidators of Summit Insurance Company of New York (SICONY) for the failure of Brite-Side Construction, Inc. (Brite-Side) (not a party herein) to perform as a subcontractor on a project in which Professional Construction Consultants, Inc. (PCC), one of the Plaintiffs herein, was the prime contractor. SICONY issued a performance/payment bond on the project for Brite-Side, and Plaintiffs assert that upon failure of Brite-Side to perform, they made demand on SICONY to complete the subcontract, which SICONY failed to do, whereupon Plaintiffs completed the work required by Brite-Side's subcontract. Plaintiffs seek damages in the sum of $74,-214.70 for their completion costs caused by failure of both Brite-Side and SICONY to perform. This claim is set out in Plaintiffs' Amended Complaint herein as their first cause of action. In Plaintiffs' second cause of action in their Amended Complaint filed herein, they seek damages for their alleged lost bonding capacity in the amount of $187,000.00 which they allege was caused by SICONY's failure to perform under its bond.

The Small Business Administration (SBA) entered into an agreement with SICONY regarding the project, which provided, "SBA hereby agrees to guarantee to Surety [SICONY] 90 percent of any 'loss' Surety may sustain or incur in good faith by reason of execution of the bid, payment or performance bond contemplated by this agreement." On the basis of this and another agreement between the SBA and SICONY, Plaintiffs have joined the SBA as a Defend-

ant in both causes of action herein and seek a money judgment against the SBA for 90% of any judgment against the Liquidators. Plaintiffs' theory is that the SBA agreements made Plaintiffs third party beneficiaries possessed with direct rights against the SBA.

In financial distress, SICONY is in the hands of the Defendant The New York Insurance Commissioner as Liquidator pursuant to the Uniform Insurers Liquidation Act (the Act) which has been adopted by the State of New York. Defendant Grimes has been appointed the Ancillary Liquidator in Oklahoma pursuant to the Act, as enacted in Oklahoma, 36 O.S. §§ 1901 (formerly 36 O.S. § 1801), 1903, 1904 and 1914–1920. Plaintiffs pursued the same claims filed herein by filing a similar action in the District Court of Oklahoma County, Oklahoma, but only against the two Liquidators. SBA was not a defendant therein.

Defendant Liquidators have filed a Motion to Dismiss herein for want of jurisdiction claiming in general that exclusive jurisdiction of this matter under the Act is in the District Court of Oklahoma County, Oklahoma. The SBA likewise has a Motion to Dismiss pending under Rule 12, Federal Rules of Civil Procedure, (1) challenging the jurisdiction of this Court to entertain this matter for essentially the same reasons as asserted by the Liquidators and (2) seeking dismissal for failure of Plaintiffs to state a claim against it upon which relief can be granted. On September 29, 1977 the Court stayed this action stating that, "Accordingly, the Court finds and concludes that for the purposes of economy of time and effort for the Court, for counsel and for the litigants, the instant action should be stayed pending the determination of Plaintiffs' claim against Defendant Grimes by the Oklahoma County District Court in the ancillary liquidation proceedings of SICONY."

The District Court of Oklahoma County, Oklahoma, heard the case before it, rendered a decision denying Plaintiffs' claim, which was appealed and has resulted in a final decision of the Oklahoma Supreme Court affirming such denial. The decision of the Oklahoma Supreme Court, of which the Court takes judicial notice, is reported at 646 P.2d 1262 (Okl.1982).

## PLAINTIFFS' CLAIM AGAINST THE LIQUIDATORS

■ The Court concludes that the only court with the power to grant the relief sought by Plaintiffs against the Liquidators in the instant case is the Oklahoma County District Court. 36 O.S. § 1902 vests the district courts of the State of Oklahoma with exclusive original jurisdiction of delinquency proceedings commenced pursuant to the provisions of the Act. Under an essentially identical provision of the statutes of the State of New York, the New York Court of Appeals held:

> "that the Supreme Court [a trial level court] ... was intended to have exclusive jurisdiction of claims both for and against an insurance company in liquidation." *Knickerbocker Agency v. Holz,* 4 N.Y.2d 245, at 250, 149 N.E.2d 885, at 889, 173 N.Y.S.2d 602, at 607 (1958).

In the case of *United States v. Bank of New York & Trust Co.,* 296 U.S. 463, at 475–478, 56 S.Ct. 343, at 346–347, 80 L.Ed. 331 (1936), the Supreme Court considered the jurisdiction of Federal Courts in a case similar to the instant one. It observed:

> When the state court directed the Superintendent of Insurance to take possession of the assets ..., the court took jurisdiction of the *res.* While the Superintendent was a statutory liquidator, he took possession under the direction of the court and the fund was at all times subject to the court's control. The proceeding was essentially one *in rem* and the Superintendent was protected by a sweeping injunction in the unimpeded liquidation of the sequestered property.
>
> \*    \*    \*    \*    \*    \*
>
> In the other two cases ... the Superintendent completed the additional liquidation and turned over the remaining assets to the designated depositaries. To safeguard all rights in the funds, they were not to be withdrawn from the depositar-

ies except upon a court order.... [I]n the case of the Moscow Fire Insurance Company, suit was brought ... to determine the disposition of the fund. Claims of creditors and shareholders were in course of adjudication in that proceeding when the present suit was brought. At that time, also, in the case of the Northern Insurance Company, the depositary—which had received an assignment for the benefit of creditors—was accounting in the state court for the fund in its hands and the claims of creditors and of those entitled to share in the fund were being heard.

In both these cases the proceedings in the state court were *quasi in rem.* Control of the funds was essential to the exercise of the court's jurisdiction to protect the rights of claimants. It was not necessary for the court to appoint receivers, as the funds were already in the hands of depositaries appointed by the court and subject to its direction. The principle, applicable to both federal and state courts, that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted. It applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property. [Citation omitted] If the two suits are in *rem* or *quasi in rem,* so that the court must have possession or control of the *res* in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. [Citation omitted] This principle is applied in the discharge of the long recognized duty of this court to give effect to such "methods of procedure as shall serve to conciliate the distinct and independent tribunals of the States and of the Union, so that they may cooperate as harmonious members of a judicial system coextensive with the United States." [Citations omitted].

The Government [the complainant] urges that the present suits for an accounting are not suits *in rem* but *in personam;* and that to allow the federal court to pass upon the right asserted would not necessarily interfere with the jurisdiction or control by the state court over the *res.* [Citation omitted] But these suits are not to enforce a personal liability but to obtain possession of the respective funds. The suits are not merely to establish a debt or a right to share in property, and thus to obtain an adjudication which might be had without disturbing the control of the state court. [Citations omitted] Complainant demands that the depositaries account and pay over to the complainant, as "the sole and exclusive owner," the entire funds in their hands. Thus the object of the suits is to take the property from the depositaries and from the control of the state court, and to vest the property in the United States [the claimant] to the exclusion of all those whose claims are being adjudicated in the state proceedings.

In light of this, it is clear that the appointments by the New York and Oklahoma state courts of the Domiciliary and Ancillary Liquidators, as well as the subsequent efforts of those Liquidators to collect and marshal the assets of the insolvent insurer SICONY, are proceedings *in rem* requiring, for the preservation of the insolvent estate, that the jurisdiction of the liquidating courts be recognized by courts which do not have jurisdiction of the *res.* Likewise, the adjudication of a claim of a creditor of SICONY is a proceeding *quasi in rem,* which requires that courts without the *in rem* jurisdiction over the estate refrain from interfering with that jurisdiction.

Further, the Court notes that the Plaintiffs have scarcely presented the Court with any basis for jurisdiction of their claim against the Liquidators. Plaintiffs are required to plead and, if challenged as here, prove jurisdiction. Rules 12(b)(1), 12(h)(3), Federal Rules of Civil Procedure; *Basso v. Utah Power & Light Co.,* 495 F.2d 906 (10th

Cir.1974). As the dispute arises out of an alleged breach of a private contract, no federal question jurisdiction is alleged under 28 U.S.C. § 1331. And, while diversity of citizenship and amount in controversy, 28 U.S.C. § 1332, was alleged in the original complaint, this basis for jurisdiction appears to have been abandoned in the Amended Complaint, and with good reason, as complete diversity is lacking, due to the presence of Oklahoma citizens as Plaintiffs and the Defendant Oklahoma Liquidator, a citizen of the State of Oklahoma. Plaintiffs and this Defendant are not of diverse citizenship. *Jett v. Phillips & Associates,* 439 F.2d 987 (10th Cir.1971). Finally, the Plaintiffs assert in their Amended Complaint, as jurisdictional grounds, only that 15 U.S.C. § 634(b)(1) gives the Court subject matter jurisdiction of this case. However, that statute relates only to jurisdiction of Plaintiffs' claim against the SBA and has nothing to do with its claim against the Liquidators. Hence, the Court concludes (1) that it knows of no grounds for subject matter jurisdiction of the Plaintiff's claim against the Liquidators, but (2) if such grounds exist, the Court is precluded from exercising such jurisdiction by the necessity of preserving the *in rem* jurisdiction of the liquidating courts, both because the court has no power to interfere with such jurisdiction and also because, as a matter of comity, the Court should not interfere.

■ Moreover, in the State Court proceeding which is now final, the claim asserted herein by Plaintiff against the Liquidators of SICONY was rejected. A reading of the decision of the Oklahoma Supreme Court reveals that Plaintiffs' timely original claim against the Liquidators was denied because the amount thereof (in both the State action and this Federal Court action) was less than the amount of money held by Plaintiffs to the credit of Brite-Side under its subcontract when default occurred. The Oklahoma Supreme Court further held with reference to a proffered untimely amended claim in the State District Court for an amount which exceeded the funds held by Plaintiffs under the Brite-Side subcontract, that the same should have

been considered by the District Court but that the failure to do so was harmless error under the facts of the case. This was based on the ruling that although the District Court committed error in refusing to consider the amended claim, if it were considered and approved in some figure above the amount on hand in Plaintiffs' account to the credit of Brite-Side, the amended claim would only share in a surplus of SICONY assets after all timely claims with interest had been paid; further, as the Supreme Court found that no such surplus existed from which Plaintiffs' amended claim could share, the error of the District Court in failing to consider the amendment was harmless error. As to the claimed damages for lost bonding capacity, Plaintiffs' second cause of action herein, the Supreme Court of Oklahoma held in its decision as follows:

"PCC claims damages for impaired bonding capacity and consequential loss of contracting capacity as a part of its claim against SIC [SICONY]. No such liability is either implicit or implied from the terms of the performance bonds of which SIC is insurer. Under the terms of the bond contract, liability is limited to payment for labor, materials, and expenses incurred to complete and deliver a lien-free project, and does not include such incidental damages as alleged loss of contracting capacity or impairment of bonding capacity."

Hence, Plaintiffs' claim against the Liquidators of SICONY has been fully litigated, both as to its original claim and desired amended claim. This is binding on the Plaintiffs and the Defendant Liquidators, parties to the State Court action, and is *res judicata* in this Court as to them.

## PLAINTIFFS' CLAIM AGAINST THE SBA

■ The Defendant SBA asserts that 15 U.S.C. § 634(b)(1) does not give this Court subject matter jurisdiction of Plaintiffs' claim against it. This assertion is based on the assertion that the Plaintiffs request herein that the Court order the Domiciliary

Liquidator "to acknowledge" the judgment which Plaintiffs hoped to get against the Ancillary Liquidator and the notion that the action against the SBA thereby becomes one seeking an injunction, of which the cited statute would not give the Court jurisdiction. The Court disagrees. The Court sees Plaintiffs' claim against the SBA simply as a claim for a money judgment based on an alleged third party beneficiary contract, under which SBA owes a duty directly to the Plaintiffs. Hence, the Court concludes that it has subject matter jurisdiction of Plaintiffs' claim against SBA. *Mar v. Kleppe,* 520 F.2d 867 (10th Cir.1975) (Plaintiff cannot sue SBA for a release); *Romeo v. United States,* 462 F.2d 1036 (5th Cir.1972), *cert. denied,* 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973) (no suit against SBA for specific performance).

■ Plaintiffs' theory of recovery against SBA is that the agreement between SBA and SICONY is an agreement for an "indemnity against liability."[1] Assuming that this is the correct interpretation of the "guarantee" agreement between SBA and SICONY, the Court concludes that, whatever merit Plaintiffs' claim against the SBA originally had, the Plaintiffs cannot now state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiffs' theory concedes that the liability of SICONY to Plaintiffs (or in its stead its Liquidators) is a precondition to the liability of SBA. The fact that Plaintiffs' claim against SICONY (or its Liquidators in its stead) has failed in state court and cannot be relitigated here, together with the fact that success against SICONY or its Liquidators is a precondition to success against SBA, compels this conclusion. This is merely an application of the doctrine of collateral estoppel, under which the Defendant SBA is entitled to claim the benefit of Plaintiffs' failure to establish

their claim against the Liquidators of SICONY.

■ The doctrine of collateral estoppel is generally referred to in relation to the finality of a judgment between the same parties or those in privity with them as to matters actually litigated and determined in a prior proceeding although the claim or demand in the subsequent action may be different. *Campos v. Employment Security Commission of New Mexico,* No. 75–1384, slip op. at 5 (Tenth Cir. Nov. 20, 1975).[2] The purpose of the doctrine of collateral estoppel (like that of the related doctrine of *res judicata*) is judicial finality. However, unlike *res judicata*) which forecloses *all* matters which might have been litigated previously, collateral estoppel treats as final *only* those questions actually and necessarily decided in a prior suit. *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979); *Montana v. United States,* 440 U.S. 147, at 153, 99 S.Ct. 970, at 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *Campos v. Employment Security Commission of New Mexico, supra.* Thus, estoppel cannot extend beyond the point actually litigated and determined. *Cromwell v. County of Sac, supra,* 94 U.S. 351 at 354, 24 L.Ed. 195 (1876); *Campos v. Employment Security Commission of New Mexico, supra,* slip op. at 7; *Tidewater Oil Co. v. Jackson,* 320 F.2d 157, at 161 (10th Cir.1963).

■ Moreover, the statute authorizing "guarantees" such as the one involved in the instant case, 15 U.S.C. § 694b(a), authorizes the SBA only "to guarantee any surety against loss" on a proper bond. It does not, as asserted by Plaintiffs, guarantee the surety against liability. As Defendant SBA argues, the agreement is one for an "indemnity against loss" in the nature of a reinsurance agreement. Courts that have con-

---

**1.** The Plaintiffs do not argue that SBA is a traditional "guarantor" or surety for SICONY. In such a relationship, SBA (guarantor or surety) would be liable to Plaintiffs (obligee) for the failure of SICONY (principal or obligor) to perform. This was the relation of SICONY to the Plaintiffs, as SICONY was the surety on a per-

formance bond on which Plaintiffs were obligee and Brite-Side was obligor.

**2.** Rule 17(c) of the Rules of the Tenth Circuit permits citation of unpublished opinions as precedent.

sidered the possible liability of the SBA upon such "guarantees" to the beneficiaries of the primary obligations of the bonds, have concluded that the SBA agreements created under Section 694b create no such third party beneficiary rights. *Housing Authority of Lebanon County v. Envirohousing, Inc.,* 442 F.Supp. 1193 (M.D.Pa. 1977); *Six Fountains Apartments, Inc. v. Plus 5 Constr. Corp.,* 433 F.Supp. 1284 (W.D.La.1977). Hence, also on this separate ground, the Court concludes that the Plaintiffs have failed to state a claim upon which relief can be granted against SBA.[3]

## THE DOMICILIARY LIQUIDATOR'S COUNTERCLAIM

■■■ During the abatement of this case, during which the parties or some of them pursued their dispute in the ancillary liquidation proceedings, the Domiciliary Liquidator, with leave of Court, filed a Counterclaim against PCC. He based jurisdiction on diversity of citizenship and amount in controversy and alleged that PCC owed SICONY certain sums under the payment/performance bond agreements between SICONY and PCC.

Rule 12(h)(3), Federal Rules of Civil Procedure, provides:

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Although PCC has denied the substantive allegations of the Counterclaim and raised several affirmative defenses, it has not raised the question of subject matter jurisdiction of the Counterclaim. Where the parties do not raise this question, it is the duty of the Court to determine the matter *sua sponte. Basso v. Utah Power & Light Co., supra,* 495 F.2d at 909. Lack of jurisdiction cannot be waived, and jurisdiction cannot be conferred upon a Federal Court by consent, inaction or stipulation by the parties. *Id.* Although the Plaintiff PCC has admitted the jurisdictional allegations of the Counterclaim, a Federal trial court is not bound by the pleadings of the parties but may inquire into the facts as they really exist. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, at 184, 56 S.Ct. 780, at 782, 80 L.Ed. 1135 (1936). In determining whether subject matter jurisdiction is present, the Court ordinarily will hold a preliminary hearing, Rule 12(d), Federal Rules of Civil Procedure, at which the mode of determination is left to the trial court, and the trial court may gather evidence by affidavit or otherwise. *Schramm v. Oakes,* 352 F.2d 143, at 149 (10th Cir.1965).

The Court set this case for disposition on August 26, 1982, for argument and consideration of all issues remaining in the case. Plaintiffs appeared by their attorney, and the Defendants appeared by their attorneys. Arguments were presented, consistent with briefs and pleadings other than the Counterclaim, that exclusive jurisdiction lay in the State courts and that there were no federal question, diversity, or other grounds for subject matter jurisdiction of the case. Although no mention of the Counterclaim was made, the relevant jurisdictional facts are apparent from the record herein, including the opinion of the Oklahoma Supreme Court attached hereto and the statements of counsel. Those relevant facts are that Gerald Grimes, the Commissioner of Insurance for the State of Oklahoma, was named the Ancillary Liquidator by the Oklahoma District Court in liquidation proceedings which were ancillary to those conducted by the New York Supreme Court. Said Ancillary Liquidator is a citizen of the State of Oklahoma and is a party defendant in the instant case and was a party in this case at the time the Counterclaim was filed and at all times thereafter up to the present.

---

**3.** If the claims against the SBA are not based on a direct (third party beneficiary) right of Plaintiffs, but on the rights of the Liquidators against the SBA, this claim would be in the nature of a creditor's claim of a security interest in a particular asset of the insolvent insurer in liquidation. In such a posture, the Court would decline jurisdiction over the claim against the SBA, as it has no jurisdiction of the *res* (the assets of SICONY) and must observe the principles of comity. But if the Court had and exercised jurisdiction over this claim, the doctrine of collateral estoppel would nevertheless require its dismissal.

■ If the Defendant Domiciliary Liquidator were permitted to maintain this Counterclaim after the dismissal of the Plaintiffs' claims, diversity as an independent jurisdictional ground for the Counterclaim would not thereby be created. Oklahoma law provides that as long as the ancillary liquidation proceedings continue, the *Ancillary Liquidator* (here an Oklahoma citizen) has the sole right to recover the assets of the insolvent insurer, to the exclusion of the Domiciliary Liquidator. 36 O.S. § 1915 B. It is clear from the Oklahoma Uniform Insurers Liquidation Act and the discussion above that the instant Counterclaim is part of the liquidation proceedings. Therefore, the Ancillary Liquidator would be the sole real party in interest in said Counterclaim, and the Counterclaim must be prosecuted in his name. Rule 17(a), Federal Rules of Civil Procedure. As the sole real party in interest, he is the indispensable Counterclaimant, without whose presence the Counterclaim must be dismissed but whose joinder would deprive the Court of diversity jurisdiction. Rule 19, Federal Rules of Civil Procedure; 28 U.S.C. § 1332.

Moreover, even if diversity jurisdiction were present, the Court concludes that the Counterclaim is properly part of the liquidation proceedings and therefore would be subject to the exclusive jurisdiction of the State courts. This conclusion is based on the provisions of the statute, 36 O.S. § 1902 A, B, and the *in rem* nature of the jurisdiction of the state courts, as well as considerations of comity. *United States v. Bank of New York & Trust Co., supra; Knickerbocker Agency v. Holz, supra.*

■ Further, as the subject of the Counterclaim is clearly a matter of State law, even if considerations of comity and the exclusivity of State Court jurisdiction did not control, in the absence of diversity on the Counterclaim, the Court concludes that it would have no ancillary jurisdiction of the Counterclaim. If the claim of Plaintiffs against the Liquidators had been determined in this Court on its merits, rather than being dismissed for lack of jurisdiction, as is done by this Order, a compulsory Counterclaim such as this, *see* Rule 13(a), Federal Rules of Civil Procedure, would be subject to the ancillary jurisdiction of the Court. *Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). But, as the claim against the Liquidators is being dismissed herein otherwise than on the merits, the Court concludes that it has no ancillary jurisdiction of the Counterclaim. Of course, as the Liquidators are not the target of the claimed third party beneficiary rights upon which Plaintiffs base their claim for judgment directly against the SBA, disposition of the claim against SBA on the merits does not bring the Counterclaimant Domiciliary Liquidator within the rule in *Moore.*[4]

Therefore, Plaintiffs' actions against the two Liquidator Defendants and the Defendant SBA and the action set forth in the Counterclaim of the Domiciliary Liquidator should all be dismissed.

---

4. One of the Court's holdings herein as to the Plaintiffs' claim against the SBA is that the SBA's obligations, both as expressed in its "guarantee" contract and as limited by 15 U.S.C. § 694b, may be characterized as "indemnities against loss" and have the traditional features of a reinsurance agreement. Therefore, they run only to SICONY, not to PCC as the obligee of SICONY. Thus, these obligations are assets, though contingent, of the insolvent insurer SICONY. As such, they may be sought by Plaintiffs only through the liquidation proceedings, and even then they may be pursued by SICONY's creditors only indirectly. Thus, if Plaintiffs' claim against SBA is construed as a pursuit of SICONY assets, it is clearly a *quasi in rem* suit of which the Court has no jurisdiction. If it were properly before the Court as a claim against the Liquidators, and if it were dismissed here on its merits, then and only then would the Court have ancillary jurisdiction of the Counterclaim.