915 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cecelia J. DELONG, Plaintiff-Appellant,
v.
OFFICE OF WORKERS COMPENSATION PROGRAM, Defendant-Appellee.
 No. 90-1482.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1990.
Decided Sept. 28, 1990.
Rehearing and Rehearing In Banc Denied Oct. 23, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Jackson L. Kiser, District Judge. (CA-89-87-L)
 Cecelia J. Delong, appellant pro se.
 Ray Burton Fitzgerald, Jr., Office of the United States Attorney, Roanoke, Va., Larry F. Gottesman, United States Department of Labor, Washington, D.C., for appellee.
 W.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Cecelia J. Delong appeals from the district court's order dismissing petitioner's action seeking reinstatement of compensation benefits under the Federal Employees Compensation Act. Our review of the record and the district court's opinion discloses that this appeal is without merit. Section 8128(b) of the Act deprives this Court of jurisdiction over this matter.* See Lindahl v. Office of Personnel Management, 470 U.S. 768 (1985); Wallace v. United States, 669 F.2d 947 (4th Cir.1982). Moreover, the district court did not abuse its discretion by dismissing petitioner's case without a hearing, since the jurisdictional facts are apparent from the record. See Pettis ex rel. United States v. Morrison-Knudsen Co., 577 F.2d 668 (9th Cir.1978); Professional Construction Consultants v. Grimes, 552 F.Supp. 539 (W.D.Okla.1982). Accordingly, we affirm on the reasoning of the district court. Delong v. OWCP, CA-89-87-L (W.D.Va. May 8, 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 Petitioner's request for an increased rate of compensation should be addressed to the Office of Workers' Compensation Programs along with the information necessary to enable the Office to make a determination