**STATE OF MARYLAND, to Use and Benefit of WOOD et al. v. ROBINSON et al. (OURSLER et al., Third-Party Defendants).**

**Civil Action No. 3206.**

District Court, D. Maryland.

Oct. 29, 1947.

Louis Lee Guy, of Norfolk, Va., and D. Franklin McGinnis, of Baltimore, Md., for plaintiff.

W. Hamilton Whiteford, of Baltimore, Md., Rudolf G. Carrico, of La Plata, Md., and R. Samuel Jett, of Baltimore, Md., for Defendants and third-party plaintiff.

Clater W. Smith (of Clark, Thomsen & Smith, all of Baltimore, Md.), for Third-party defendants.

CHESNUT, District Judge.

The motion now before the court presents another novel question of procedure under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

William E. Wood was killed as a result of an automobile collision on a Maryland Highway occurring February 19, 1946. On September 16, 1946 his widow and infant son brought suit under the Maryland Lord Campbell's Act, Code 1939, art. 67, § 1 et seq., against the defendants Robinson & Haas, and Swann, for alleged negligence in causing the accident. Subsequently on motion of these defendants leave was given to them to file a third party complaint against the defendants Marvin and William R. Oursler who, it was alleged, were joint tort feasors; and thereafter the motion to dismiss the third party complaint was overruled.

■ The plaintiffs are citizens of the State of Virginia and the original defendants are citizens of the State of Maryland. The jurisdiction of the court is based solely on diverse citizenship. The first motion to dismiss the third party complaint was based on the ground that both the original defendants and the third party defendants are all residents of the State of Maryland. The motion was overruled because the court was of the opinion that the jurisdiction having been originally properly invoked on the ground of diverse citizenship between the plaintiffs and the original defendants, the third party complaint properly invoked the ancillary jurisdiction of the court and was therefore not subject to dismissal for lack of diverse citizenship between the original defendants and the third party defendants. There have been many federal judicial decisions supporting this view. Vol. I, Moore's Federal Practice, page 781, and Supplement, page 373, citing numerous cases; Williams v. Keyes, 5 Cir., 125 F.2d 208, certiorari denied 1942, 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768. See also Tullgren v. Jasper, D.C.Md., 27 F.Supp. 413, 416; Malkin v.

Arundel Corporation, D.C.Md., 36 F.Supp. 948. Cf. Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481, where the question as to jurisdiction was presented in a different way.

But the present subsequent motion to dismiss the third party complaint now before the court involves an entirely new point. It alleged that the original defendants subsequent to the filing of the third party complaint, have settled the case with the plaintiffs, and have taken from the latter full and formal releases which have acquitted and discharged the defendants and *any and all other persons,* firms and corporations, of and from any and all actions for damages arising from said alleged negligent automobile collision. Photostatic copies of the releases are annexed to the motion and counsel for the original defendants concede the fact of the settlement and releases, but nevertheless contend that they have the right to proceed with the trial of the third party complaint for contribution from the third party defendants by reason of the Maryland statute (Md.Code Supp.1943, Art. 50, § 22) which reads:

"(a) The right of contribution exists among joint tortfeasors.

"(b) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.

"(c) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement." See also sections 23, 24 and 25.

■ After hearing counsel I have reached the conclusion that the present motion should be granted. As there is no diversity of citizenship between the original and the third party defendants, the jurisdiction of this court over the third party defendants was properly based only on the ancillary jurisdiction of the court. The controversy between the plaintiffs and the original defendants was the basis of the jurisdiction in the first place. As that has

now been terminated, there is no necessity for and little advantage in convenience in continuing the litigation in this court for the quite separate and distinct ancillary matter between citizens of the same State, which of itself should properly be adjudicated in the courts of the State of Maryland. A number of federal decisions in somewhat analogous situations, although not arising under Rule 14, support this view. Kelleam v. Maryland Casualty Co., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 295, 58 S.Ct. 586, 82 L.Ed. 845; Kromer v. Everett Imp. Co., C.C.Wash., 110 F. 22, cited with apparent approval, 312 U.S. 382, 61 S.Ct. 598, 85 L. Ed. 899; Fidelity Bond & Mortg. Co. v. Grand Lodge, 6 Cir., 41 F.2d 326, 328 (where ancillary jurisdiction was lost by settlement of the main controversy conferring jurisdiction); Sklarsky v. Great Atlantic & Pacific Tea Co., D.C.N.Y., 47 F.2d 662, 665.

■ Counsel for the original defendants (and third party plaintiffs) rely upon the generally well established principle of federal court jurisdiction in diverse citizenship cases that when the jurisdiction of the court has once properly attached it will not ordinarily be defeated by changes in the situation (as, for instance, change in the citizenship of the parties), but the court retains jurisdiction to dispose of the whole controversy including any matters within the ancillary jurisdiction, even though matters remaining for full determination involve only parts of the controversy existing between residents of the same State who have come into the case by reason of ancillary jurisdiction. Numerous cases are cited in support of this general proposition, the principal ones being Craig v. Dorr, 4 Cir., 1906, 145 F. 307; Morgan's Louisiana & T. R. & S. S. Co. v. Texas Central Ry., 137 U.S. 171, 200, 11 S.Ct. 61, 34 L.Ed. 625; Central Union Trust Co. v. Anderson County, 268 U.S. 93, 45 S.Ct. 427, 69 L.Ed. 862; Ross v. Miller, 4 Cir., 252 F. 697; Woodbury v. Andrew Jergens Co., 2 Cir., 69 F.2d 49, 51; Moore Bros. Const. Co. v. City of St. Louis, 7 Cir., 159 F.2d 586. I have examined these cases but find them, for various reasons, inapplicable

to the present situation. Most of the cases involve complete disposition by the court of property in its possession or controversies over title to land or property including cross-bills properly filed in the cases for the purpose of completely disposing of all the subjects matter properly growing out of the main case. For instance, in Craig v. Dorr, supra, most relied upon by counsel for the original defendants, the suit involved a complicated title to lands, jurisdiction in the bill of complaint being based on diverse citizenship, but with a cross-bill filed by some of the defendants against other defendants both of the same citizenship. There was a decree in favor of the plaintiffs but the court also proceeded to determine the rights of the defendants *inter sese* arising on the cross-bill. It was held that the original decree in favor of the plaintiffs did not terminate the jurisdiction of the court to proceed with an adjudication of the issues raised by the cross-bills. It will be noted, however, that it was stated by the court 145 F. at page 310:

"The questions raised or the subject-matter of the cross-bill was expressly retained by the court, which had acquired jurisdiction of the parties and the subject-matter of the bill."

It should also be noted that the granting of leave to file a third party complaint is ordinarily a matter resting within the sound discretion of the trial judge. Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481, 483; Moore's Federal Practice, Vol. I, p. 741, and Supp. p. 356; General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671. Some of the reasons for granting leave to file such complaints were pointed out in this court in the case of Tullgren v. Jasper, supra.

While the original exercise of the discretion in this case was to grant leave to file the third party complaint, I take the view that the discretion also equally applies with respect to the present motion to dismiss it. One of the reasons for giving leave to file the third party complaint in this case was economy of time and costs in trying all the several issues in the case at one trial. But this consideration no longer exists by reason of the voluntary action of the original defendants in settling with the plaintiffs and taking their release to all persons responsible for the accident. Thus there remains for disposition only the single and isolated question of contribution which can be litigated with equal convenience in the State court where alone it could have been brought by the parties adversely interested therein, save for the original existence of the several issues presented in this case before the settlement and releases.

For these reasons I conclude that the motion now made to dismiss the third party complaint must be granted. Counsel may present the appropriate order in due course.