THOMAS WORCESTER, Inc. v. CLOVER STORES CORP. (169 Central Realty Corp., third-party defendant).

No. 3762.

United States District Court, N. D. New York.

Argued Feb. 27, 1951.

Submitted March 5, 1951.

Decided March 12, 1951.

Whalen, McNamee, Creble & Nichols, Albany, N. Y., for plaintiff.

Norman S. Weiss, Albany, N. Y., for defendant and third-party plaintiff.

Louis Lieberman, Albany, N. Y. (Samuel Kaplan, of Albany, of counsel), for third-party defendant.

BRENNAN, Chief Judge.

Plaintiff sues for work, labor and services performed. The amount and value of said services are put in issue by the defendant.

The defendant, who is a tenant in the property in which the plaintiff's services were alleged to have been performed, was permitted to file a third-party complaint against the owner of the property, the basis of which is alleged to be certain agreements contained in a written lease whereby the owner became liable to the tenant for the value of the services furnished by the plaintiff. The plaintiff did not amend its complaint so as to include any right of recovery against the third-party defendant.

The plaintiff is a corporation with its principal place of business in the State of Massachusetts. Both the tenant and the owner are residents of the State of New York.

When the case was reached on the calendar of the trial term at Albany on February 27, 1951, it was announced that the plaintiff and the defendant had settled their cause of action. The defendant then by oral motion sought the permission of the Court to withdraw the third-party complaint without prejudice. The third-party defendant voiced oral objection to such request, and after hearing counsel orally the Court reserved decision.

Neither counsel has submitted authorities upon the question involved and no exhaustive study of the problem has been made by the Court.

Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for third-party practice. Here there is no diversity

of citizenship between the third-party plaintiff and the third-party defendant, and the question is posed as to whether or not this Court now has jurisdiction to proceed to determine the issues in their dispute.

Precedent does not seem to afford a clear definition of an ancillary litigation. When the Court granted the order permitting the service of a third-party complaint it must have assumed that the controversy between the owner and the tenant was connected with or was ancillary to the main action. It would appear to be true that the third-party defendant owner would have the right to dispute the plaintiff's claim, at least to the extent of the services performed. It follows that the dispute between the landlord and tenant is, therefore, definitely connected in one of its main elements with the original cause of action, and may be considered as ancillary thereto. The problem then becomes one to determine whether or not jurisdiction of a cause of action rightfully obtained is subsequently lost by the elimination of the basis upon which jurisdiction originally rested. No all inclusive answer can be given.

The case of the State of Maryland, etc., v. Robinson, D.C., 74 F.Supp. 279, is in point here. The same problems were presented and Judge Chesnut distinguished those cases where jurisdiction once obtained was not lost by reason of a change of parties. The Court is impressed that to retain the third-party action here would be to afford an easy method whereby the jurisdiction of the Court could be extended in violation of Rule 82. Cases such as Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841, justify the consideration of a case where diversity does not exist, not upon the theory of jurisdiction but upon convenience of disposing of all related litigation in accordance with the spirit of Rule 14. It is evident that the nature or subject matter of the action, and to some extent, the discretion of the Court are the guides to the decision.

The only reason that the third-party complaint was allowed to be served was to avoid the necessity of proving the amount of the services performed in two separate causes of action. That reason no longer exists. The liability of the owner and the amount of his liability raised in a controversy between two citizens of New York is one that can be entirely disposed of in a state court action where it properly belongs. The purpose of Rule 14 is no longer served. This Court should not retain the case where jurisdiction is questionable, and the question raised may be said to be within the Court's discretion to be exercised in the light of the purpose of the Rule.

The motion to withdraw the third-party complaint or dismiss same without prejudice is granted.