**E. K. CAREY DRILLING CO. v. MURPHY et al. (GOOD et al., third party defendants).**

Civ. No. 3139.

United States District Court
D. Colorado.

June 23, 1953.

Evart Mills, McPherson, Kan., and Henry S. Sherman, Denver, Colo., for plaintiff.

J. Corder Smith, Fort Morgan, Colo., and Paynter, Paynter & Paynter, Brush, Colo., for defendants and third party plaintiffs.

George A. Epperson and Donald F. McClary, Fort Morgan, Colo., for third party defendant Howard Good.

C. H. Anderson, Brush, Colo., for third party defendant Fred Foos.

KNOUS, District Judge.

This matter is presently before this Court upon the motions of third party defendants Howard Good and Fred Foos to dismiss the third party complaint, and upon the motion of Good for summary judgment. The grounds for the motion for dismissal of the third party complaint are that the removal of the original party plaintiff from the proceeding as the alleged result of a judgment hereinafter mentioned, eliminates any diversity of citizenship from this action, for at the time of the commencement of this action and at the time of the filing of the subsequent pleadings which resulted in the third party aspect of this action, the only diversity of citizenship which gave this Court jurisdiction existed between the party plaintiff and the original defendants, and at that time no diversity of citizenship existed between the original defendants (now third party plaintiffs) and the third party defendants.

The rule is well settled that if jurisdiction is lacking, a federal district court has a mandatory duty to dismiss the matter upon motion. See Emmons v. Smitt, D.C., 58 F.Supp. 869, affirmed 6 Cir., 149 F.2d 869, certiorari denied 326 U.S. 746, 66 S.Ct. 59, 90 L.Ed. 446.

Indeed, where the federal court is without jurisdiction, it is improper to make any order in the cause except to dismiss the suit. See New Orleans & Bayou Sara Mail Co. v. Fernandez, 12 Wall. 130, 20 L.Ed. 249.

The pleadings in the instant cause show that upon stipulation between the plaintiff and the original defendants a judgment has been entered herein which finally resolves all issues between the plaintiff and the original defendants and dismisses the plaintiffs from this action. This stipulation specifically provided that the rights of the original defendants (the third party plaintiffs) against the third party defendants were not to be affected by the stipulation. It was following this stage that the third party defendants interposed the present motion to dismiss.

The question raised by the motion to dismiss in the present factual situation

and development of the pleadings is one of interest, but does not present a question of first impression. It was previously passed upon in State of Maryland to Use and Benefit of Wood v. Robinson (Oursler et al., Third Party Defendants) D.C., 74 F.Supp. 279, 281, wherein in a very comprehensive and well-reasoned opinion covering all available precedents and analogies that Court held:

> "I have reached the conclusion that the present motion should be granted. As there is no diversity of citizenship between the original and the third party defendants, the jurisdiction of this court over the third party defendants was properly based only on the ancillary jurisdiction of the court. The controversy between the plaintiffs and the original defendants was the basis of the jurisdiction in the first place. As that has now been terminated, there is no necessity for and little advantage in convenience in continuing the litigation in this court for the quite separate and distinct ancillary matter between citizens of the same State, which of itself should properly be adjudicated in the courts of the State * * *."

The leading decision was subsequently followed in a recent case in the District Court for the Northern District of New York, Thomas Worchester, Inc., v. Clover Stores Corp., (169 Central Realty Corp., third party defendant) 11 F.R.D. 334, 335. Therein the opinion observed:

> "The Court is impressed that to retain the third-party action here would be to afford an easy method whereby the jurisdiction of the Court could be extended in violation of Rule 82."

This Court sees nothing in the instant case to distinguish it from the above-cited cases, and is in agreement with the views set forth in those cases.

The third party plaintiffs have made mention of the fact that since the matter was placed at issue one of the third party plaintiffs has moved from this state to another and consequently claims that this new situation will satisfy the necessary element of diversity of citizenship. This contention is not well taken. The uniform rule is that no change of citizenship by either party after suit has begun will effect the jurisdiction. See 54 Am.Jur., § 59 at page 712, and cases cited in support thereof.

Accordingly, the motions of third party defendants Good and Foos to dismiss must be sustained. In view of such disposition no necessity arises for considering third party defendant Good's motion for summary judgment.

It Is, Therefore, Ordered that the third party complaint as to the third party defendants Good and Foos be dismissed without prejudice.