**CUMBERLAND MILLING COMPANY, Plaintiff**

v.

**TRENTON GRAIN COMPANY et al., Defendants.**

**No. 663.**

United States District Court
W. D. Kentucky,
Bowling Green Division.

Sept. 26, 1958.

James C. Cunningham, Clarksville, Tenn., G. Sam Milam, Russellville, Ky., for plaintiff.

Coleman, Harlin & Orendorf, Bowling Green, Ky., by Maxey B. Harlin, Bowling Green, Ky., for defendants.

SWINFORD, District Judge.

This case is before the court on the motion of the defendants to file a third party complaint and bring in third party defendants.

The plaintiff is a citizen and resident of the State of Tennessee. The defendants, Trenton Grain Company, Joe Atlsheler, and Dillard Payne, doing business as Trenton Grain Company, are citizens and residents of this district. The third party complaint seeks to bring in as third party defendants Rockport Grain Company, Inc., of Rockport, Indiana, Aubrey Dunn, Owensboro, Kentucky, in this district, Garrison Elevator Company, Jefferson, Indiana and Pioneer Corn Company, Inc., New Albany, Indiana.

These new party defendants are sought to be brought into this action under the provisions of Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. It is seen that the plaintiff and the defendants are residents of Tennessee and Kentucky, respectively, and the requisite diversity of citizenship exists. Three of the third party defendants are residents of the State of Indiana and the fourth is a resident of the Western District of Kentucky. It might therefore appear that because of the lack of diversity between the original defendant and the proposed third party defendants that this court should not entertain jurisdiction and the motion to bring in these third party defendants, including the one who is a resident of the State of Kentucky, should be overruled for lack of the requisite diversity of citizenship.

In the instant case I consider the matters set forth in the proposed third party complaint as ancillary to the issues involved in the original complaint and answer. The principal of jurisdiction involves and carries with it power over issues that may be regarded as accessorial. This ancillary proceeding may not fulfill the statutory requirements as to either diversity of citizenship or amount of money involved. The district court entertains jurisdiction in such a case although the matters standing independent and alone could not be prosecuted in the federal court. Loft, Inc., v. Corn Products Refining Co., 7 Cir., 103 F.2d 1.

The controversy between the plaintiff and the original defendants, with the requisite diversity of citizenship, was the basis of the jurisdiction in this court. The lack of diversity between the original defendants and the third party defendants on an ancillary matter cannot defeat that jurisdiction. State of Maryland, to Use and Benefit of Wood v. Robinson, D.C., 74 F.Supp. 279; E. K. Carey Drilling Co. v. Murphy, D.C., 113 F.Supp. 226; Thomas Worcester, Inc., v. Clover Stores Corp., D.C., 11 F.R.D. 334, 335.

The motion to bring in third party defendants should be sustained. An order to that effect is this day entered.