UNITED STATES of America for the Use and Benefit of STANDARD MACHINE AND FABRICATING CO., INC., Plaintiff,

v.

COLLINS & CO. GENERAL CONTRACTORS, INC., et al., Defendants, etc.

Civ. A. No. 84-472-1-MAC (WDO).

United States District Court, M.D. Georgia, Macon Division.

Dec. 1, 1986.

---

Douglas J. Centeno, Birmingham, Ala., Joseph W. Popper, Jr., Macon, Ga., Robert B. Wedge, Atlanta, Ga., for plaintiff.

Donald A. Loft, M. Michael Egan, Jr., Atlanta, Ga., Reid W. Kennedy, Marietta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Presently before the court is third party defendant Pittsburg Testing Laboratory's (Pittsburgh) motion to dismiss without prej-

udice the third party claims brought against it by Reliance Insurance Company (Reliance). Pittsburg contends that the court lacks subject matter jurisdiction to decide these claims, and, therefore, they must be dismissed. The facts relevant to deciding this motion are uncontroverted.

This case began when the United States of America, for the use and benefit of Standard Machine and Fabricating Company, Inc. (Standard Machine), brought an action against Collins & Company General Contractors, Inc. (Collins) and St. Paul Fire and Marine Insurance Company (St. Paul) for alleged breach of contract. Collins had contracted with the United States of America to furnish materials and to perform labor for the construction of certain storage facilities located at the Robins Air Force Base in Houston County, Georgia. In the performance of this contract, Collins had subcontracted with Standard Machine to provide certain materials and labor required for the work with the government. The contract between Collins and the United States of America also required Collins to provide a payment bond. St. Paul was the surety of that bond, and, thus, was potentially liable for Collins' alleged breach of contract. Jurisdiction of these claims was based upon 28 U.S.C. §§ 1352, 1332, and 40 U.S.C. § 270b.

Collins and St. Paul then asserted certain counterclaims against Standard Machine. By order, Reliance was thereafter added as a counterclaim defendant on these claims as well since Reliance had provided a performance bond and a payment bond to Collins to assure Standard Machine's performance under its contract with Collins.

As the litigation between Collins, St. Paul, Reliance, and Standard Machine proceeded, Reliance subsequently sought to file a third party complaint against Pittsburgh pursuant to Rule 14 of the Federal Rules of Civil Procedure. Both Reliance and Pittsburgh were Pennsylvania residents, and, therefore, jurisdiction to hear these claims rested solely upon the doctrine of ancillary jurisdiction. This court granted leave to Reliance for it to file a third party complaint against Pittsburgh. *See* Order of this court dated May 5, 1986.

At the time of Reliance's motion to file a third party complaint against Pittsburgh, Reliance and Standard Machine were already named as defendants in a suit brought by Pittsburgh on July 12, 1985, in Cobb County, Georgia, in which all of the claims asserted by Reliance against Pittsburgh by way of its third party complaint had already been asserted. As a result of the order allowing Reliance to file the third party complaint against Pittsburgh, Reliance, Standard Machine, and Pittsburgh, on May 22, 1986, jointly moved the Superior Court of Cobb County for a stay of the action pending in that court.

Subsequent to the filing of Reliance's third party complaint against Pittsburgh, the claims of all parties pending before this court, except for those asserted in the third party complaint against Pittsburgh, were settled and voluntarily dismissed without prejudice. *See* Consent Order of this court dated October 20, 1986. Following this dismissal, Pittsburgh withdrew its consent to voluntarily stay the state proceeding in Cobb County, and sought to have the third party complaint against it dismissed. The question raised at this time, therefore, is whether the third party action against Pittsburgh can and should be retained for its resolution by this court.

### Conclusion

■ Before a case or controversy can be litigated in a federal forum, the court must first determine whether it has subject matter jurisdiction over the dispute. If the court does not have the power to adjudicate the claim, it must be dismissed.[1] While there was no independent basis of jurisdiction to entertain Reliance's third party complaint against Pittsburgh, this court clearly had authority to decide such a claim under

---

1. This is distinguishable from the situation wherein the court has the power to adjudicate the claims, but entertainment of the claims is subject to the discretion of the court. *See* discussion *infra,* p. 7.

the doctrine of ancillary jurisdiction. This is because Reliance's claims against Pittsburgh arose out of the same transactions or occurrences that were the subject of the claims between Standard Machine, Collins, and St. Paul, which were properly before the court on the basis of 28 U.S.C. §§ 1332, 1352, and 40 U.S.C. § 270b. Pittsburgh's motion raises the issue, however, of whether a dismissal of the principal action, which supplied the necessary jurisdictional grounds to try the third party action, divested the court of the power to try the ancillary third party claim.

■ The general rule is that jurisdiction over an ancillary claim is not lost when the principal claim has been settled or dismissed on its merits. *See Nishimatsu Construction Co. Ltd. v. Houston National Bank,* 515 F.2d 1200, 1204–05 (5th Cir. 1975); 1A Barron & Holtzoff, *Federal Practice and Procedure* § 424, at 658 (Wright ed. 1960). In this case, however, the principal claims were not dismissed on the merits, rather, they were dismissed voluntarily and without prejudice. *See* this court's order dated October 20, 1986. The question this court must resolve, then, is whether that distinction mandates a different result from the general rule of continuing jurisdiction. In order to make this determination, the court believes that it would be helpful to look at situations wherein jurisdiction was held not to continue.

■ While generally power to adjudicate an ancillary claim exists in this court after the principal claim has been dismissed on its merits, this is not the rule when the principal claim has been dismissed on jurisdictional grounds. When the dismissal of the principal claim has been because the court lacked power from the outset to entertain it, dismissal of the ancillary claim has also been required. *See Kelleam v. Maryland Casualty Co.,* 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899 (1941); and *Pennsylvania Railroad Co. v. Erie Avenue Warehouse Co.,* 302 F.2d 843, 845 (3rd Cir.1962). This line of cases further holds, at least in dicta, that the resolution of the principal claim must be on the merits before the court can proceed to decide the ancillary matter.

For example, in *Professional Construction Consultants, Inc. v. Grimes,* 552 F.Supp. 539 (W.D.Okla.1982), the district court addressed the issue of whether it could entertain a counterclaim, pursuant to the doctrine of ancillary jurisdiction, after dismissing the primary claim for lack of jurisdiction. That court held:

> If the claim of Plaintiffs against [defendant] had been determined in this court *on its merits,* rather than being dismissed for lack of jurisdiction, as is done by this Order, a compulsory Counterclaim such as this, ..., would be subject to the ancillary jurisdiction of the Court. *Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). But, as the claim against the [defendant] is being dismissed herein *otherwise than on the merits,* the Court concludes that it has no ancillary jurisdiction of the Counterclaim.

552 F.Supp. 546 (emphasis added). This decision, accordingly, found that the dismissal of the principal claim not upon the merits, at least in dicta, to be an important factor in concluding that the court did not have the power to adjudicate the ancillary claim.

■ In *Pennsylvania Railroad Co.,* the Court of appeals for the Third Circuit similarly held, in dicta, that a dismissal on the merits of the principal claim was required before the court could decide an ancillary third party claim. The Court of Appeals held that "... when the principal claim has been defeated on its merits, power to adjudicate pending ancillary matters has been held to survive." 302 F.2d at 846. The court went on further to explain the logic behind a rule that would allow ancillary matters to be decided even after the principal claim has been dismissed or settled on the merits. The Third Circuit stated that the reason for such a rule is that,

> It is logical and eminently fair that the present case, where settlement of the

principal claim is not substantially different from recovery upon it in creating a need to adjudicate forthwith the ancillary issue of recovery over, be treated like a disposition on the merits. *Id.* The Third Circuit, therefore, applied a test whereby if the settling of the principal action is not "substantially different" from recovering on that claim, then, the ancillary matter can be decided by the court despite the settlement of the principal claim.

 Applying this test to the case at bar, it is not self-evident that a voluntary dismissal without prejudice is substantially equivalent to recovery of the claim. In fact, such a dismissal implies that the cause of action continues to be assertable in future actions. While in this case the various settlement agreements by the parties to the principal action probably prevent such a result, determination of the preclusive effect of these agreements could prove to be difficult, and, further, could lead to inconsistent decisions.[2] For these reasons, this court finds that it would not be appropriate to decide these collateral matters solely in order to ascertain whether the ancillary matter should proceed. When the principal claim is dismissed, it must be dismissed on the merits so that the rights of the parties to the principal action are clearly established at the time of dismissal. Otherwise, this court would be forced to litigate matters that are not properly before it to decide. Accordingly, this court finds that while the power to adjudicate ancillary third party claims continues to exist after the principal claim has been settled or dismissed, this power only exists if the claim was dismissed on the merits.

### Discretion to Adjudicate

 The court further supports its decision to dismiss Reliance's third party claim by finding that even if the court has power to adjudicate this claim under the doctrine of ancillary jurisdiction, the circumstances do not warrant exercising this court's discretionary function to do so. When the primary claim has been dismissed before trial, the general rule is to also dismiss the ancillary third party claim. *See E.K. Carey Drilling Co. v. Murphy,* 113 F.Supp. 226 (D.Colo.1953); *Thomas Worcester, Inc. v. Clover Stores Corp.,* 11 F.R.D. 334 (N.D.N.Y.1951); *State of Maryland to Use of Wood v. Robinson,* 74 F.Supp. 279 (D.Md.1947). *See also United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("[i]f the federal [principal] claims are dismissed before trial ... the state [pendent or ancillary] claims should be dismissed as well"). Furthermore, a decision dismissing a third party complaint will be reversed only upon a showing of an abuse of discretion. *See Southern Milling Co. v. United States,* 270 F.2d 80, 84 (5th Cir.1959). In this case, a number of policy considerations warrant dismissal of Reliance's third party complaint.

Of primary concern to this court is the fact that Pittsburgh presently is in state court asserting the same claims that are pending before this court. This state action was filed by Pittsburgh prior to it being impleaded in this court, and was only stayed by Pittsburgh to prevent having to litigate the same claims on two fronts. Pittsburgh has now indicated that it intends to pursue this state action. This court cannot prevent such duplicity of actions, and, therefore, in the interest of judicial economy and comity to the courts of Georgia, this court finds that dismissal of the federal action is warranted.

Reliance argues that a dismissal of its third party complaint at this time would prejudice it because Reliance would be forced to begin the discovery process anew

---

**2.** For example, this court might conclude that the settlement agreements prevent future claims arising out of this same transaction or occurrence from being heard, and, accordingly, allow the ancillary matter to be decided. Yet, this decision as to the preclusive nature of the agreements would not be binding on any state court in which a party to the agreement attempts to have it enforced, and, in fact, the state court may find grounds overlooked by the federal court to prevent its enforcement.

in the state action. Pittsburgh, however, has agreed to allow information already discovered to be utilized in the state court proceedings to the same extent as it would be available in this court. Reliance, therefore, is not prejudiced by this factor.

This court also notes that Reliance's claim raises purely state law issues that are, by nature, better decided by the courts of that state. This court should abstain from deciding novel or particularly complex claims that require a definitive interpretation of state law. *See Prater v. United Mine Workers of America,* 793 F.2d 1201, 1208 (11th Cir.1986). The defenses raised by Pittsburgh in its answer and in its argument for summary judgment potentially raise such complex state law issues that are better decided in a state forum.

■ Furthermore, the court notes that neither Pittsburgh or Reliance have offices in this district, but that they both have offices in Cobb County, Georgia. Pursuant to the Miller Act, these claims were filed in this district. Now that the claims of Standard Machine have been settled, however, a more convenient forum to decide Reliance's claims appears to be in Cobb County, Georgia given the location of Reliance's and Pittsburgh's offices. In addition, under state law, Reliance could have brought its complaint against Pittsburgh only in the county wherein Pittsburgh resides. *See GA. CONST.* art. VI, § 2, Para. 6. This state constitutional limitation, while not a substantive right in federal court, should be preserved whenever possible, so long as it does not jeopardize valid federal interests. *See Sibaja v. Dow Chemical Co.,* 757 F.2d 1215, 1219 (11th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 347, 88 L.Ed.2d 294 (1985). A dismissal of Reliance's claim in this case does not implicate such interests.

Accordingly, for the foregoing reasons, this court finds that a dismissal without prejudice is warranted in this case, and, therefore, ORDERS that Reliance's claim be DISMISSED without prejudice.