**In re CRAZY EDDIE SECURITIES LITIGATION.**

**No. 87 C 33.**

United States District Court,
E.D. New York.

June 19, 1990.

Sirota & Sirota (Howard B. Sirota, of counsel), Milberg, Weiss, Bershad, Specthrie & Lerach (David J. Bershad, Michael

C. Spencer, of counsel), New York City, for plaintiffs.

Milbank, Tweed, Hadley & McCloy (C. Stephen Howard, Kathleen C. Kauffman, David A. Jones, Susanne M. Toes, of counsel), Los Angeles, Cal., for third party defendants Oppenheimer–Palmieri Fund, L.P., Victor Palmieri and The Palmieri Co.

Tuttle & Taylor Inc., Los Angeles, Cal., Folkenflik & Associates (Max Folkenflik, of counsel), New York City, for third party defendants Entertainment Marketing, Inc., and Elias Zinn.

Shearman & Sterling (Kenneth M. Kramer, of counsel), New York City for third party plaintiff Peat Marwick Main & Co. and KMG Main Hurdman.

KPMG Peat Marwick (Joseph I. Loonan, of counsel), New York City, for third party plaintiff.

Davis, Markel & Edwards (Thomas J. Sweeney, III, of counsel), New York City, for third party plaintiff Peat Marwick Main & Co.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This consolidated action was the subject of a Memorandum and Order, dated December 30, 1988, published *Bernstein v. Crazy Eddie, Inc.*, 702 F.Supp. 962 (E.D.N.Y.1988), *vacated in part on other grounds*, 714 F.Supp. 1285 (E.D.N.Y.1989), familiarity with which is assumed.

The present matter concerns the claims of the shareholder plaintiffs (plaintiffs) against Peat Marwick Main & Co. (Peat Marwick), and its third party claims against others.

Plaintiffs' claims against Peat Marwick allege violations of Section 11 of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* (1982 & Supp. IV 1986) (the Securities Act), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* (1982 & Supp. IV 1986) (the Exchange Act), and common law fraud and negligent misrepresentation. The claims assert deficiencies in Peat Marwick's audits of Crazy Eddie's audited financial statements in 1984, 1985 and 1986 and Peat Marwick's participation in the preparation of allegedly misleading securities offering registration statements in 1985 and 1986.

Peat Marwick thereafter served and filed a third party complaint against Oppenheimer–Palmieri Fund, L.P., (the Fund), the Palmieri Company, Victor Palmieri, Entertainment Marketing, Inc., and Elias Zinn for indemnification, contribution under federal and state law. The Fund, Victor Palmieri and the Palmieri Company (third party defendants) move to dismiss the Complaint for failure to state a claim.

The first count of the third party complaint alleges, in substance, the following. Upon taking control of Crazy Eddie, Inc. (Crazy Eddie), on November 6, 1987, third party defendants failed to amend, correct or modify the misrepresentations contained in Crazy Eddie's documents serving as a predicate for the plaintiffs' claims. Those claims allege that plaintiffs continued to be misled by false and misleading information relating to the financial statements of Crazy Eddie through January 18, 1988, after third party defendants took control. As a result of the third party defendants' conduct, Peat Marwick has been named as defendant in this and other actions, incurring expenses in defending against suits, and possibly requiring the payment of damages to the plaintiffs. It is therefore entitled to indemnification or contribution.

The first count thus suggests by implication that third party defendants intentionally or negligently overstated the value of Crazy Eddie to the detriment of the plaintiffs who relied on the representations.

The second count of the third party complaint asserts, in substance, the following. Peat Marwick observed a physical inventory conducted by Crazy Eddie employees in November 1987. Following the inventory, but before Peat Marwick completed the engagement, the third party defendants announced on November 19, 1987 a $45 million shortfall and shortly thereafter fired Peat Marwick. The announcement was negligently, recklessly, or fraudulently made and caused a decline in the price of Crazy Eddie securities.

Apparently by these allegations Peat Marwick seeks to suggest that the third party defendants by the announcement intentionally or negligently understated the value of Crazy Eddie so that shareholders relying on the announcement sold their stock at less than true value. Peat Marwick seeks contribution or indemnification for any liability and expenses attributable to this conduct of third party defendants.

In addition, the second count claims that after the November 19, 1987 announcement third party defendants recklessly or fraudulently destroyed all documentation supporting their calculation of the purported $45 million shortfall, and refused to assist and interfered with Peat Marwick's attempts to determine the reason for it. Third party defendants thus are said to have deliberately deprived Peat Marwick of evidence crucial to its defense against plaintiffs' claims.

## I. Impleader

Rule 14(a), Fed.R.Civ.P., provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third party plaintiff." A third party claim is permissible only if the "third party's liability is" "dependent upon the out come of the main claim" or the third party is "potentially secondarily liable as a contributor to the defendant." *See Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir.1984).

In form the claims for indemnification and contribution purport to be dependent on the outcome of the plaintiffs' claims against Peat Marwick. Whether the second count to the extent it seeks "compensatory damages" for destruction of evidence states a permissible third party claim is a more difficult question. The court assumes for purposes of the motion that Peat Marwick may make the claims under Rule 14(a).

## II. Indemnification

■ Indemnification "is not available as a matter of policy to parties who have 'knowingly and willfully violated the federal securities laws.'" *Bernstein, supra,* 702 F.Supp. at 984. Because scienter is required to be held liable for violations of 10(b) under the Exchange Act, Peat Marwick may not be indemnified for these claims. *See In Re Citisource, Inc. Securities Litigation,* 694 F.Supp. 1069, 1079 n. 15 (S.D.N.Y.1988).

■ Peat Marwick argues that indemnification is available for merely negligent violations of the Securities Act. A number of courts have rejected this argument as inconsistent with the purpose of the Act. *See Odette v. Shearson, Hammill & Co.,* 394 F.Supp. 946, 957 (S.D.N.Y.1975); *Laventhol, Krekstein, et al. v. Horwitch,* 637 F.2d 672, 676 (9th Cir.1980). Those courts that have permitted indemnification have done so only if the party to which the loss is shifted is one "significantly more liable" for the injury to the plaintiff. *Adalman v. Baker, Watts, & Co.,* 599 F.Supp. 752, 755 (D.Md.1984), *on other grounds affirmed in part and rev'd in part,* 807 F.2d 359 (4th Cir.1986); *cf. Nelson v. Quimby Island Reclamation District,* 491 F.Supp. 1364, 1381 (N.D.Cal.1980). Under the pleadings Peat Marwick is significantly more responsible than third party defendants for the injury, if any, to the plaintiffs caused by Section 11 violations.

Indeed, the third party defendants are not potentially liable for a Section 11 violation. No party alleges they signed the misleading registration statements, were directors at the time of the registration filing, or had any involvement as professionals otherwise involved in the preparation of the registration statements at issue. Nor is there an allegation of any contractual obligation by the third party defendants to indemnify Peat Marwick.

The claims for indemnification under federal law are dismissed with prejudice. The court need not decide whether a party may ever be indemnified when negligently violating Section 11.

### III. Contribution

■ To the extent that the third party complaint is read to assert that Peat Marwick may get contribution because the third party defendants, by overstating the inventory shortfall, understated the value of the Crazy Eddie stock, the third party complaint is plainly insufficient. Plaintiffs do not allege a claim based on such an understatement. Peat Marwick may not seek contribution for harm the plaintiffs do not allege to have suffered.

As Judge Haight said in *Greene v. Emersons, Ltd.*, 102 F.R.D. 33, 35 (S.D.N.Y. 1983), "[a] Rule 14(a) branch cannot grow without the root of a claim asserted by plaintiff." The plaintiffs may only recover the "difference between the [higher] price paid and the true value of the stock when bought." *Bernstein*, 702 F.Supp. at 980. Peat Marwick will not be liable for any losses incurred by plaintiffs below the "true value" of the stock that may have been caused by misrepresentations, if any, undervaluing the stock.

■ Even as an independent claim this assertion of understatement would be insufficient. Peat Marwick argues that, by allegedly understating the value of Crazy Eddie in the November 19, 1987 announcement, the third party defendants caused an undue drop in the stock price, and that this drop induced some securities holders not to sell their stock above their purchase price, with consequent damages to those plaintiffs and alleged aggravation of Peat Marwick's damages. *Cf. James v. Nico Energy Co.*, 838 F.2d 1365, 1371 (5th Cir.1988) (if stock sold above price of purchase, no injury suffered).

This argument ignores the fact that each member of the class who sells stock must do so to a new buyer who is entitled to damages up to the difference of his higher purchase price and the lower "true value" of the stock. An individual plaintiff's damages for claims for fraudulent overstatement might be affected by the drop in stock price. But the aggregate damages suffered by the class of all buyers for claims of fraudulent overstatement during the class period is not affected by the alleged understatement.

The third party complaint, insofar as it is read to claim that the third party defendants made misrepresentations overstating the value of Crazy Eddie, is insufficient.

■ A party may be held liable for contribution for a violation of Section 10(b) of the Exchange Act and Rule 10b–5 only if the defendants are joint tortfeasors in the wrongful production of an injury to a third person. *Stratton Group, Ltd. v. Sprayregen*, 466 F.Supp. 1180, 1185 (S.D.N.Y.1979). The courts in this circuit have interpreted that requirement to limit contribution to "joint participant[s] in the fraud alleged by plaintiff," and not to embrace also concurrent, independent actors. *Connecticut Nat. Bank v. Reliance Ins. Co.*, 704 F.Supp. 506, 509 (S.D.N.Y.1989); *Greene v. Emersons, Ltd., supra*, at 36 (S.D.N.Y. 1983), *aff'd on different grounds sub nom., Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29 (2d Cir.1984); *Stratton, supra*, 466 F.Supp. at 1185. This court follows those decisions. The third party defendants were not joint participants with Peat Marwick in any alleged fraud.

■ Furthermore, the third party complaint, insofar as it is read to claim that the third party defendants made misrepresentations overstating the value of Crazy Eddie is insufficient. Neither the complaint nor the third party complaint allege statements made by the third party defendants that allegedly overstated the value of Crazy Eddie before the January 18, 1988 announcement. Moreover, no omissions by the third party defendants may constitute "misrepresentations" absent a duty to disclose during this period. *See, e.g., Chiarella v. United States*, 445 U.S. 222, 228, 100 S.Ct. 1108, 1114, 63 L.Ed.2d 348 (1980); *In re AM International, Inc., Securities Litigation*, 606 F.Supp. 600, 606 (S.D.N.Y. 1985). On the facts as alleged, the court finds no such duty.

Contribution is not warranted under Section 10(b).

Similarly, pursuant to Section 11(f) of the 1933 Act, 15 U.S.C. § 77k(f), a party liable for damages under section 11 "may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment." Third party defendants are not jointly liable for the Section 11 violations alleged in the plaintiffs' complaint.

The claims for contribution under the federal securities laws are dismissed with prejudice.

## IV. Ancillary Claims

 The third party complaint does not allege diversity jurisdiction, and the court has dismissed the federal claims. While the federal courts may have jurisdiction over ancillary nonfederal claims made by third party plaintiffs against third party defendants, *see e.g., Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978), the court need not exercise jurisdiction. *See United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 868 (9th Cir.1986), *cert. denied*, 482 U.S. 914, 107 S.Ct. 3185, 96 L.Ed.2d 674 (1987); *United States v. Collins & Co. General Contractors*, 648 F.Supp. 967, 971 (M.D.Ga.1986); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The court chooses not to exercise such ancillary jurisdiction.

In the first place the footnote in *Finley v. United States*, — U.S. ——, 109 S.Ct. 2003, 2009 n. 6, 104 L.Ed.2d 593 (1989), casts doubt on the question whether the court has power to decide the ancillary third party claim. *See also Aetna Casualty & Surety Co. v. Spartan Mechanical Corp.*, 738 F.Supp. 664 (E.D.N.Y.1990) (holding that after *Finley* no ancillary jurisdiction over third party claims.)

Further, the claim of destruction of evidence alleges a separate wrong that allegedly occurred more than a year after the central events in this case, namely, the 1984, 1985 and 1986 registration statements or offerings. To sustain this claim would require exploration at trial of the motivations the third party defendants during November 1987, entailing the introduction of evidence wholly irrelevant to plaintiffs' claims. This would needlessly confuse an already complex case and potentially lead a jury away from the central issue.

In addition, were the court to consider the destruction of evidence claim, the court would be charting unmapped waters of New York or New Jersey state law, an area best left to the state courts. *See Prater v. United Mine Workers of America*, 793 F.2d 1201, 1208 (11th Cir.1986); *Collins, supra*, at 972.

The other state law claims, while they have some relationship to the allegations in the complaint, also concern matters that took place after the occurrences that are at the center of plaintiffs' claims. Proof as to such matters would also serve to confuse the case unduly.

## V. Summary

The third party complaint is dismissed with prejudice as to the federal claims and without prejudice as to the state law claims.

So ordered.